930 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Artis WASHINGTON, Defendant-Appellant.
 No. 90-6044.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1991.
 
 Before BOYCE F. MARTIN, Jr. and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Artis Washington, appeals his conviction for conspiracy to possess cocaine with intent to distribute, 21 U.S.C. Sec. 846, and possession of cocaine with intent to distribute, 21 U.S.C. Sec. 841(a)(1). Washington argues on appeal that the evidence at trial was insufficient to support his conviction. He also contends that it was error for the trial judge not to sentence him at the minimum of the applicable guideline range.
 
 
 2
 Upon a review of the record, we conclude that defendant's claims of error are without merit and affirm his conviction.
 
 I.
 
 3
 Defendant's claim as to the sufficiency of the evidence goes to its believability not its quantity. There was more than ample evidence from which the jury could convict if it believed the government's key witness.
 
 
 4
 The government's prosecution of Washington grew out of the arrest of Don Turner at the Memphis Airport on July 11, 1989. Turner was arrested as a drug courier with approximately one kilo of cocaine in his possession. He agreed to cooperate, and telephone calls were placed to Washington's residence in California, at least some of which were recorded and were circumstantially incriminating.
 
 
 5
 Turner also testified that he had known Washington for 13 years. In early July 1989, Turner, who had just been released from jail, contacted Washington about finding "employment." Turner and Washington met, and Washington offered Turner $1,000 to transport a kilo of cocaine to Memphis. Turner agreed. Washington subsequently supplied Turner with a piece of luggage containing the cocaine, a round-trip airline ticket, and spending money.
 
 
 6
 When Washington was arrested, he acknowledged knowing Turner, and that Turner had gone to Memphis to make some money.
 
 
 7
 In reviewing sufficiency of the evidence claims, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 8
 Since Turner clearly implicated Washington as the moving force in this drug transaction, there is no question that if the jury believed Turner, the evidence was sufficient to convict.
 
 
 9
 Washington argues that Turner cut a deal with the government for lenient treatment in return for his testimony and therefore was not worthy of belief. However, the credibility of a witness and the weight to be given his testimony are matters to be decided by the jury. United States v. Schultz, 855 F.2d 1217, 1221 (6th Cir.1988). The jury was apprised of Turner's relationship with the government and was free to draw its own conclusions.
 
 II.
 
 10
 Washington does not contest that the appropriate guideline range for his sentence was 63 to 68 months. He argues, however, that he should have received the minimum 63 months rather than the maximum 68 months because he had no prior criminal record and had a good work history.[1] Criminal history as well as work history are already part of the Guidelines calculus, so defendant did get the benefit of these favorable factors. More importantly, however, we have previously held that "a sentence which is within the Guidelines, and otherwise valid ... is not appealable...." United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989).
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Washington also argues that the court erred in considering him more than a minimal participant. We disagree. There is evidence in the record from which the district judge could properly conclude that defendant was operating within the conspiracy in a managerial or supervisory capacity